# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
### AT BOWLING GREEN

**JOHN B. BANKS**                                                    **PLAINTIFF**

**v.**                                    **CIVIL ACTION NO. 1:19-CV-P39-GNS**

**HACK MARCUM** *et al.*                                          **DEFENDANTS**

## MEMORANDUM OPINION

This is a *pro se* civil rights action brought by a convicted prisoner pursuant to 42 U.S.C.

§ 1983. The Court has granted Plaintiff John B. Banks leave to proceed *in forma pauperis*. This

matter is before the Court for screening of Plaintiff's complaint pursuant to 28 U.S.C. § 1915A.

For the reasons set forth below, this action will be dismissed.

### I. SUMMARY OF COMPLAINT

Plaintiff is a convicted prisoner who was previously incarcerated at the Taylor County

Detention Center (TCDC). He brings this action against TCDC Jailer Hack Marcum; TCDC

Class-D Coordinator Mary Cox; TCDC Lieutenant Larry Barnes; and TCDC Captain Paul Wise.

He sues these Defendants in their official capacities only.

Plaintiff makes the following allegations:

On March 18, 2019 [TCDC], where I'm incarcerated, drug tested the work cell.
Twenty five people were tested and nine failed. Those who failed returned to the
cell those who passed went back to work. I went back to work and worked eight
hours that day. When I came in that day I was told I failed the test by the booking
clerk and should not have went out. But I was told I passed. And they let me go
back to work. At that time I asked for a retest, I wanted blood taken to show I had
no drugs in my system. They said they would call Mary Cox the Class D
Coordinator. . . . She called me to her office to tell me her tests are 99.9% accurate
and she sent it off to the Kentucky Department of Corrections for a write-up and
that was that. I asked to be retested and she informed me that Jailer Hack Marcum
said I was not to be retested. I said I would pay for the retest if money was the issue
but they said it was not about the money the test did not lie and to deal with it. On
March 19, Lieutenant Larry Barnes took me off my job and confined me to my cell.
[TCDC] has violated may right to a fair and due process. They never presented me

with a write-up, nor had a disciplinary hearing. I lost good time for March and April. Violating my right to a fair and due process when I have a liberty interest at stake is unconstitutional. I had no hearing, no write-up presented, and no ability to call witnesses to rebute these claims. I have been refused everything at every level.

As relief, Plaintiff seeks damages and injunctive relief in the form of removing the "write-up" from his record and "inact new policy and procedure in facility for drug testing."

## II. LEGAL STANDARD

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will

not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted). And this Court is not required to create a claim for Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. ANALYSIS

"Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere." *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635 (1980). "[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

"[T]he Fourteenth Amendment's Due Process Clause protects persons against deprivations of life, liberty, or property; and those who seek to invoke its procedural protection

must establish that one of these interests is at stake." *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). The Supreme Court has held that a prisoner does not have a protected liberty interest in prison or jail disciplinary proceedings unless the sanction "will inevitably affect the duration of his sentence" or the resulting restraint imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 486-87 (1995).

### A.  Loss of Work Privileges

Plaintiff first seems to allege that, as a result of a disciplinary write-up, he lost the ability to work while incarcerated. Federal courts, however, have consistently held that prisoners have no constitutionally protected liberty interest in prison vocational, rehabilitation, or educational programs under the Fourteenth Amendment. *See, e.g.*, *Moody v. Daggett*, 429 U.S. 78, 88 n.9  (1976) (Due Process Clause not implicated by eligibility for rehabilitative programs, even where inmate suffers "grievous loss"); *Argue v. Hofmeyer*, 80 F. App'x 427, 429 (6th Cir. 2003) (prisoners have no constitutional right to rehabilitation, education, or jobs); *Antonelli v. Sheahan*, 81 F.3d 1422, 1431 (7th Cir. 1996) (participation in a rehabilitative program is a privilege that the Due Process Clause does not guarantee); *Canterino v. Wilson*, 869 F.2d 948, 952-54 (6th Cir. 1989) (no liberty interest in study release or work release programs); *Newsom v. Norris*, 888 F.2d 371, 374 (6th Cir. 1989) (no property or liberty interest in prison employment).

Thus, to the extent that Plaintiff's Fourteenth Amendment claim is based upon the loss of work privileges as a result of his disciplinary write-up, it fails to state a claim upon which relief may be granted.

### B. Loss of Good-Time Credits

Plaintiff also alleges that he lost two months of "good-time" credit as a result of his disciplinary write-up. Because the loss of earned good-time credits affects the length of an inmate's prison sentence, Plaintiff has a protected liberty interest in this regard. *Sandin v. Connor*, 515 U.S. 472, 477-78 (1995) (citing *Wolff v. McDonnell*, 418 U.S. 539 (1974)). Nonetheless, there is still a barrier to his § 1983 due process claim. In *Heck v. Humphrey,* 512 U.S. 477 (1994), the Supreme Court held:

> [I]n order to recover damages for [an] allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. . . .

*Id*. at 486-87. Thus, if a ruling on a claim would necessarily render a plaintiff's continued confinement invalid, the claim must be dismissed because it is not cognizable until the challenged confinement has been remedied by some other process. *Id*. at 489.

In *Edwards v. Balisok*, 520 U.S. 641 (1997), the Supreme Court extended the application of *Heck* to prison administrative proceedings, such as the one (or lack of one) complained of by Plaintiff in this instance. The Supreme Court clarified that a prisoner must show a favorable termination of his disciplinary proceeding before filing a civil action in cases where the duration of his sentence has been affected. *See Muhammad v. Close*, 540 U.S. 749 (2004). To establish a "favorable termination," Plaintiff must first successfully challenge the validity of the conviction resulting in the loss of good-time credits by filing a habeas corpus action following the exhaustion of state-court remedies. Only if Plaintiff's underlying disciplinary write-up is invalidated may he then bring a civil action for the alleged harm caused by the acts which resulted in his disciplinary conviction and punishment.

Thus, Plaintiff's Fourteenth Amendment claim based upon the loss of good-time credits must also be dismissed at this time for failure to state a claim upon which relief may be granted.[1]

## IV. CONCLUSION

For the foregoing reasons, this action will be dismissed by separate Order.

Date: May 17, 2019

Greg N. Stivers, Chief Judge
United States District Court

cc:      Plaintiff, *pro se*
         Defendants
         Taylor County Attorney
4416.011

---

[1] Moreover, to the extent that Plaintiff seeks restoration of good-time credits, such relief is not available in this § 1983 action. *See Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973); *see also Wolff v. McDonnell*, 418 U.S. 539 (1974) (refusing to allow a § 1983 suit for restoration of good-time credits).